UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| STEVE MURPHY, | CASE NO. 5:17 CV 1560 |
| Plaintiff, | JUDGE JOHN R. ADAMS |
| v. | |
| KEVIN LENART, et al., | MEMORANDUM OF OPINION AND ORDER |
| Defendants. | |

On July 26, 2017, Plaintiff *pro se* Steve Murphy filed this civil rights action against Defendants Kevin Lenart, Gwendolyn Fletcher, Erica Carver, Wooster Community Hospital, Tiffany Green, Wayne County Children Services Board, Michael Rickett, Wayne County Juvenile court, Wayne County Prosecuting Attorneys Office, Wayne County, and Jane and John Does. While the Complaint is unclear, Plaintiff appears to allege Defendants conspired to deprive him of custody of his children after domestic difficulties in Plaintiff's household. In particular, he alleges Defendants were motivated by their disagreement with how Plaintiff was home-schooling the children.

A cause of action fails to state a claim upon which relief may be granted when it lacks "plausibility in the complaint." *Bell At. Corp. v. Twombly*, 550 U.S. 544, 564 (2007). A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009). The factual allegations in the pleading must be sufficient to raise the right to relief above the speculative level on the assumption that all the allegations in the complaint are true. *Twombly*, 550 U.S. at 555. The plaintiff is not required to include detailed factual allegations, but must provide more than "an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (2009). A pleading that

offers legal conclusions or a simple recitation of the elements of a cause of action will not meet this pleading standard. *Id.*

Federal courts have traditionally deferred to the States in child custody matters. *Elk Grove Unified Sch. Dist. v. Newdow*, 542 U.S. 1, 12 (2004) ("[The] Court has customarily declined to intervene [in] the realm of domestic relations. Long ago we observed that '[t]he whole subject of the domestic relations of husband and wife, parent and child, belongs to the laws of the States and not to the laws of the United States.' ")(citing *In re Burrus*, 136 U.S. 586, 593 (1890)); *see also Drewes v. Ilnicki*, 863 F.2d 469, 471-72 (6th Cir.1988) (Court declined to hear plaintiff's case, stating his complaint was a "mere pretense" for obtaining federal review of the underlying merits of a domestic relations dispute); *In re Chatman*, 2007 WL 4365379 (S.D.Ohio Dec. 10, 2007) ("[C]hild custody is a state law matter.").

Even construing the Complaint liberally in a light most favorable to the Plaintiff, *Brand v. Motley*, 526 F.3d 921, 924 (6th Cir. 2008), it does not contain allegations reasonably suggesting he might have a valid federal claim, or indeed that there is even an arguable basis for this Court's jurisdiction. This case is therefore appropriately subject to summary dismissal. *See, Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999).

Accordingly, this action is dismissed.

IT IS SO ORDERED.

Date: August 16, 2017   */s/ John R. Adams*
　　　　　　　　　　　　　　JOHN R. ADAMS
　　　　　　　　　　　　　　UNITED STATES DISTRICT JUDGE